139 N.J. Super. 561 (1976)
354 A.2d 677
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
COREY A. COHEN, ROBERT M. PATE AND ERIC COOPERMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 10, 1976.
Decided March 3, 1976.
*562 Before Judges LYNCH, LARNER and HORN.
Mr. Joseph C. Woodcock, Jr., Prosecutor of Bergen County, attorney for appellant (Mr. Willard E. Byer, Jr., Assistant Prosecutor, of counsel and on the brief).
Messrs. Lucianna, Bierman and Stillman, attorneys for respondents (Mr. Leslie M. Bierman, on the brief).
PER CURIAM:
This matter is before us on leave granted to the State to appeal the decision below granting a motion to suppress evidence seized as a result of a warrantless search.
*563 The search in question was made by members of the police force appointed by the Port of New York Authority whose powers are delineated in N.J.S.A. 32:2-25. In our view, the key issue in the determination of the propriety of the suppression of the evidence is whether the Port Authority police had the power to arrest and search at the place of its occurrence.
As a result of information obtained on the telephone on June 11, 1974, two Port Authority police proceeded to the ABC Towing Garage in Fort Lee, New Jersey, to pick up defendant Cohen on a bench warrant which had been issued because of Cohen's failure to appear for arraignment on April 19, 1974 in connection with an indictment for possession of marijuana. The warrant had been issued on April 26, 1974 but was cancelled when defendant appeared on May 31, 1974. As a consequence the warrant was no longer viable on June 11.
On June 11, 1974 Cohen had gone to the garage in Fort Lee to pick up his vehicle which had been impounded in connection with the pending charge. Without knowledge that the warrant had been cancelled the police officers proceeded to the garage in Fort Lee and placed Cohen under arrest. At that point one of the officers walked over to a van, smelled the odor of marijuana and proceeded to engage in a search of the vehicle which produced the evidence subject to the suppression motion.
N.J.S.A. 32:2-25, which is the only legislative authority defining the jurisdiction and power of Port of New York Authority police, provides:
Members of the police force appointed by the port authority may arrest on view, and without warrant, and conduct before the nearest magistrate of the municipality in which the arrest is made, or a magistrate of any neighboring municipality, any person violating, within the jurisdiction of this state, any order, rule or regulation of the port authority for the regulation and control of highway traffic on any bridge or in any tunnel owned or operated by it or under its jurisdiction or control or on any of the entrance or exit plazas or approaches adjacent or appurtenant thereto, including, but *564 not limited to, rules and regulations regarding the payment of tolls. In addition, the members of such police force shall have all the powers conferred by law on police officers or constables in the enforcement of laws of this state and the apprehension of violators thereof.
This legislative authority limits the geographical area within which Port Authority police may exercise police powers to "any bridge or in any tunnel owned or operated by [the Port Authority] or under its jurisdiction or control or on any of the entrance or exit plazas or approaches adjacent or appurtenant thereto." Concededly, the ABC Towing Garage premises in Fort Lee were beyond the perimeter of this jurisdictional limitation. We do not consider that the last sentence of the statute which equates the extent of the powers of Port Authority police with that of all police officers in any way expands the jurisdictional limits within which Port Authority officers may exercise such powers.
The State argues that Port Authority police have jurisdiction to exercise their powers in the entire Port District as defined in N.J.S.A. 32:1-3, which includes the Borough of Fort Lee. We reject this argument as untenable. The creation of the Port District with the general boundaries within which the Port Authority is authorized to carry out its bi-state functions has no relevancy to the boundaries of the jurisdictional power of its police force when those boundaries are specifically delineated in N.J.S.A. 32:2-25.
Since the officers conducted the arrest and search at a location beyond the ambit of their police power, both the arrest and search were illegal and the court correctly suppressed the fruits of the same. In view of our conclusion on this issue, it is unnecessary to consider whether the evidence would support the search as incidental to the arrest.
The State raises for the first time on appeal that the search can be legally justified as incidental to a citizen arrest, and therefore valid despite the lack of statutory authority for the Port Authority police. We decline to consider *565 this contention for two reasons. It was not urged before the trial court and the arrest and search herein were carried out by the Port Authority employees in the guise of police and not private citizens.
Affirmed.